IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tiffany Bonita McCall,                            :
               Petitioner          :
                                        :
               v.                  :  No. 423 C.D. 2017
                                          :  Submitted:  September 8, 2017
Pennsylvania Treasury Department      :
Bureau of Unclaimed Property,         :
               Respondent          :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT            FILED: November 29, 2017

Tiffany McCall (Claimant), *pro se*, appeals an order of the Bureau of Unclaimed Property of the Treasury Department (Bureau) denying her claim to certain unclaimed property. The Bureau found Claimant ineligible to claim the property under Section 3101(e) of the Probate, Estates and Fiduciaries Code (PEF Code).[1] We affirm.

At issue in this case are death benefit checks in the amounts of $352, $409, $686, and $550, issued by American General Life and Accident Insurance in the name of Pauline Davis, who died on May 16, 1998.[2] Lula Hayes, who was Davis's sister and the designated beneficiary of the death benefits, predeceased Davis. Because no estate was opened for Davis, the insurance company remitted the

---

[1] 20 Pa. C.S. §3101(e), set forth *infra* at 4.

[2] The Bureau assigned Property ID Nos. 12930522, 12930523, 12930524, and 12930525 to the checks.

checks to the Bureau as unclaimed property in accordance with Pennsylvania's Disposition of Abandoned and Unclaimed Property Act (Unclaimed Property Act).[3]

On June 23, 2016, Claimant filed a claim with the Bureau asserting that she is entitled to the unclaimed death benefit checks. Claimant asserted that her father, Sidney Darnell McCall, who died in 2007, was Davis's adopted son, making Davis her adoptive grandmother. In support, Claimant submitted the death certificates of her father and Davis, as well as her father's obituary, which identified Davis as his adoptive mother. The Bureau denied Claimant's claim.

Claimant filed a petition for review.[4] The Bureau responded that Claimant failed to provide sufficient evidence that Davis is her adoptive grandmother. The Bureau further argued that, pursuant to Section 3101(e) of the PEF Code, a grandchild is ineligible for distribution of unclaimed property where the decedent died intestate and no estate was opened. Certified Record (C.R.), Item No. 2, Answer and New Matter ¶¶13-14.

The presiding officer held a pre-hearing conference call on January 11, 2017, after which Claimant was given an additional 30 days to submit proof of her father's adoption. In light of the fact that Claimant was unable to obtain paperwork from the adoption agency, the presiding officer suggested she contact the school district for evidence. Claimant later provided evidence from the school district showing that her father lived at the same address as Davis.

---

[3] Act of April 9, 1929, P.L. 343, *added by* Section 5 of the Act of December 9, 1982, P.L. 1057, *as amended*, 72 P.S. §§1301.1-1301.29. Property that is abandoned or unclaimed is subject to the custody and control of the Commonwealth. Section 1301.2(a) of the Unclaimed Property Act, 72 P.S. §1301.2(a).

[4] A claimant whose claim the Bureau denies may file a petition for review, and the State Treasurer will designate a presiding officer "to exercise the powers and duties of the State Treasurer with respect to matters concerning petitions for review." 61 Pa. Code §§951.21 (a), (b).

On March 9, 2017, the presiding officer issued a decision denying Claimant's claim. He found that Claimant's father was adopted by Davis and was her "only living heir" at the time of her death. Final Decision at 4; Findings of Fact No. 1. He further found that Claimant's father was survived by seven children, including Claimant. The presiding officer concluded, however, that Claimant was ineligible to claim the unclaimed death benefit checks because she was not a "surviving spouse, child, mother or father, or sister or brother of a decedent, in this case, Pauline Davis." *Id.* at 9 (citing Section 3101(e) of the PEF Code, 20 Pa. C.S. §3101(e)). The presiding officer noted that even if Claimant was eligible to claim the property, she would have only been entitled to one seventh of the value of the checks because she has six siblings. *Id.* at 10. Claimant now petitions for this Court's review.[5]

Claimant has raised one issue in her appeal to this Court, *i.e.*, whether she met her burden of proving that she was entitled to the unclaimed death benefit checks. Claimant argues that she established that her father was adopted by Davis. Claimant Brief at 9. According to Claimant, she "was able to satisfy every form of document requested by the [Bureau], with the exception of one document [*i.e.*, paperwork from the adoption agency] … due to circumstances that was (sic) out of her control." *Id.* at 10. Claimant argues that the presiding officer's decision to deny her claim was based on "speculation and assumptions" rather than substantial evidence. *Id.* at 9.

---

[5] Our scope of review is to determine whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact are supported by substantial evidence. *First Federal Savings and Loan Association of Hazleton v. Office of the State Treasurer, Unclaimed Property Review Committee*, 650 A.2d 1166, 1167 n.4 (Pa. Cmwlth. 1994).

Contrary to Claimant's assertion, the presiding officer did not disbelieve the evidence she presented; indeed, he found that Davis adopted Claimant's father, who was Davis's "only living heir" at the time of her death. Final Decision at 4; Findings of Fact No. 1. Nevertheless, the presiding officer denied Claimant's claim pursuant to Section 3101(e)(1) of the PEF Code, which provides:

> (e) Unclaimed property.--
>
> (1) In any case where property or funds owned by an individual who has died a resident of this Commonwealth have been reported to the Commonwealth and are in the custody of the State Treasurer as unclaimed or abandoned property, the State Treasurer, at any time after the death of the individual, shall be authorized under this section to distribute the property or to pay the amount being held in custody where all of the following conditions are present:
>
>> (i) The amount of the funds or the value of the property is $11,000 or less.
>>
>> (ii) *The person claiming the property or the funds is the surviving spouse, child, mother or father, or sister or brother of the decedent, with preference given in that order.*
>>
>> (iii) A personal representative of the decedent has not been appointed or five years have lapsed since the appointment of a personal representative of the decedent.

20 Pa. C.S. §3101(e)(1) (emphasis added). The parties do not dispute that Davis, the "decedent" in the instant case, is the record owner of the unclaimed property; therefore, only her "surviving spouse, child, mother or father, or sister or brother" is eligible to claim the property. 20 Pa. C.S. §3101(e)(1)(ii). Accordingly, the

4

presiding officer did not err in concluding that Claimant, as Davis's adoptive grandchild, is ineligible to file the claim.[6]

For all of the foregoing reasons, we affirm the Bureau's order.

_____
MARY HANNAH LEAVITT, President Judge

---

[6] Our holding that Claimant is ineligible to claim the property at issue does not preclude Claimant from opening of an estate for her father and asserting ownership rights through the estate.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Tiffany Bonita McCall,<br>Petitioner | : <br> : <br> : |
| v. | : No. 423 C.D. 2017 <br> : |
| Pennsylvania Treasury Department<br>Bureau of Unclaimed Property,<br>Respondent | : <br> : <br> : |

# **O R D E R**

AND NOW, this 29th day of November, 2017, the order of the Pennsylvania Treasury Department, Bureau of Unclaimed Property, dated March 9, 2017, in the above-captioned matter is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge